UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN H. SANTOS, | CASE NO. C16-0434 RSM |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

## I.   INTRODUCTION

This matter initially came before the Court on Defendant U.S. Bank National Association's ("U.S. Bank") Second Motion to Compel Discovery, which included a request for attorneys' fees and costs. Dkt. #43 at 11. On December 20, 2017, the Court granted Defendant's motion, granted Defendant's request for attorney's fees, and directed Defendant to file a supplemental motion, appending the evidence necessary to support its request. Dkt. #50. Defendant has since filed that supplemental motion. Dkt. #51. Plaintiff opposes the motion in part, arguing that Defendant has requested an unreasonable amount of hours given the circumstances of this case. Dkt. #52. Defendant now asks the Court for a total award of $29,371.00. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion.

ORDER
PAGE - 1

# II.    DISCUSSSION

## A.  Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).  The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community.  *See Blum v. Stetson*, 465 U.S. 886, 895 (1984).  In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).  The relevant Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly.  "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

## B.  Reasonableness of Rates

The Court first examines the hourly rate for time billed by its counsel requested by Defendant.  Defendant seeks a billing rate of $420 per hour for the work performed by attorney Shawn Larsen-Bright, and $212 per hour (2016) and $248 per hour (2017) for the work performed by attorney Brian Janura, both of whom worked for the firm Dorsey & Whitney LLP, and $372 per hour for the work performed by attorney Aaron A. Wagner, $300 per hour for the work performed by attorney Meagan S. Tom, and $188 per hour for the work performed by

paralegal Kathrin Bishop, the three of whom work for the firm Locke Lord LLP. Dkts. #51-1 at ¶ ¶ 8-9 and #51-2 at ¶ ¶ 9 and 11. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting . . . the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Defendant has presented evidence supporting the reasonableness of the rates requested in this market. *See* Dkts. #51-1 and #51-2. Given the Court's familiarity with the market and the rates typically charged by experienced attorneys in these types of cases, the Court finds the rates to be reasonable. The Court also notes that Plaintiff does not challenge any of the hourly rates requested by Defendant.

## C. Reasonableness of Hours

The Court now turns to the reasonableness of the hours requested. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

Defendants have presented a detailed description of the time spent defending this action. Dkt. #46-1. The Court notes that Defendant was initially represented by counsel from Dorsey & Whitney, who prepared and filed a motion to compel. *See* Dkt. #51-1. The Court thereafter stayed this matter and struck the motion, noting that Defendant could renew the motion if and when the stay was lifted. Dkt. #28. The stay was subsequently lifted, and Defendant, who was by that time represented by new counsel from Locke Lord, then filed a second motion to compel. *See* Dkt. #51-2. Plaintiff argues that the fees incurred by the Locke Lord firm should not be granted because the second motion to compel is duplicative of the initial motion to compel. Dkt. #52 at 3. The Court agrees with Plaintiff in part.

The Court has reviewed Defendant's attorneys' billing entries. Dkts. #51-1 and #51-2. With respect to the time incurred by Dorsey & Whitney, the Court finds all time requested to be

reasonable, with the exception of one time entry which appears to be duplicative. Accordingly, the Court will deduct the following time from its award of attorney's fees:

1/2/2017          0.30 hours          $126.00

Accordingly, the Court will award a total of $13,436.40 in attorney's fees for the work performed by Dorsey & Whitney with respect to the motion to compel.

The time incurred by Locke Lord is a different matter. First, the Court notes that much of the initial time requested by the Locke Lord attorneys relates to the transition of representation and the necessity for the new attorneys to familiarize themselves with the file and work done in the matter up to that point in time. *See generally* Dkt. #51-2, *August to November time entries*. The Court finds it unreasonable and redundant to award such fees, and will not do so. Further, the Court will not award fees for the time the Locke Lord counsel spent discussing the case amongst themselves or with their own client or insurance carriers, as that type of activity is analogous to an intra-office conference. In addition, the Court finds the time billed for the work on drafting the opening motion to be redundant, particularly given that the brief is nearly identical to that drafted by Dorsey & Whitney counsel. *Compare* Dkt. #16 *with* Dkt. #43; *see also* Dkt. #53, Exs. A and B. Likewise, time spent reviewing discovery responses will not be awarded, as that time constitutes typical discovery work performed regardless of whether a motion to compel has been filed. The Court also will not award time spent discussing settlement and resolution with opposing counsel as it finds such time is not sufficiently related to the preparation of the motion to compel to support an award fees for that time. Finally, the Court will not award any time spent on administrative tasks performed by a paralegal such as editing and filing, including the filing of the motion and its supporting documents with the Court.

On the other hand, the Court does not agree with Plaintiff that no time should be awarded for the services performed by Locke Lord. Counsel and their paralegal were required to perform relevant work related to the second motion to compel that was not encompassed in the work performed by the Dorsey & Whitney attorneys, and is not excluded in the categories identified above. For these reasons, the Court will award the following attorney's fees:

| Date | Name | Hours | Amount |
|------|------|-------|--------|
| 12/12/17 | A.A. Wagner | 5 hours | $1,860.00 |
| 12/12/17 | M.S. Tom | 0.40 hours | $120.00 |
| 12/12/17 | K. Bishop | 1.20 hours | $225.60 |
| 12/13/17 | K. Bishop | 0.50 hours | $94.00 |
| 12/13/17 | K. Bishop | 0.70 hours | $131.60 |
| 12/14/17 | A.A. Wagner | 1.10 hours | $409.20 |
| 12/14/17 | A.A. Wagner | 0.50 hours | $186.00 |
| 12/29/17 | A.A. Wagner | 0.30 hours | $111.60 |
| 12/29/17 | K. Bishop | 0.80 hours | $150.40 |
| 1/2/18 | A.A. Wagner | 0.50 hours | $186.00 |
| 1/2/18 | A.A. Wagner | 0.50 hours | $186.00 |
| 1/2/18 | A.A. Wagner | 0.20 hours | $74.40 |
| 1/2/18 | M. Tom | 0.30 hours | $90.00 |
| 1/2/18 | M. Tom | 0.10 hours | $30.00 |
| 1/2/18 | M. Tom | 0.20 hours | $60.00 |
| 1/2/18 | K. Bishop | 0.50 hours | $94.00 |

Dkt. #51-2. Accordingly, the Court will award a total of $4,008.80 in attorney's fees for the work performed by Locke Lord with respect to the motion to compel.

ORDER
PAGE - 6

**D. Lodestar Adjustment**

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent working on the motion to compel and does not find it necessary to make any lodestar adjustments.

**E. Costs**

Defendant has not sought an award of any costs in this matter.

### III.   CONCLUSION

Having considered Defendant's Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's motion (Dkt. #51) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above.  Defendant U.S. Bank National Association is awarded **attorney's fees in the amount of $17,445.20 ($13,436.40 + $4,008.80 = $17,445.20).**

DATED this 18th day of January 2018.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE